Per Curiam.
The evidence is improper so far as it tends to prove particular causes of malice, or particular expression;-, of ill will and revenge. You may establish the point of ge - neral malice or ill will, by asking the witness if the prosecutor was not known or reputed to entertain feelings of hostility towards the prisoner, prior to the offence charged. Or you may prove a particular malice by asking the witness if he folQxm that prosecutor entertained any hatred or revengefui *456 spirit towards the’ prisoner — but you are not allowed to inquire into the particular manner in which the prosecutor showed these feelings: for a witness may always come prepared to answer general imputations with regard to his character, but he cannot come prepared to rebut the testimony which may be given with regard to individual facts. The rule is reasonable and correct. Bull. 295.
5th Leake asked the witness, what was the general character of the prosecutor as to his being a peaceable or quarrelsome man; and contended that if it appeared that his disposition was a quarrelsome one, it might afford a ground for the jury to infer, that he had made the first assault, although he had sworn that Mairs struck first.
Per. Curiam.
A man may be a boxer or a bully and yet speak the truth upon oath. The establishment of this point in his character will not lessen his credibility; he has sworn positively to the fact; the evidence is therefore irrelevant and inadmissible.
After the evidence was closed, the counsel for .the prisoners requested the court to charge the jury upon the extension of the Coventry act, (on which this indictment was grounded) to this state; and stated they were prepared to argue the question if any doubts were entertained by the court.
The court refused, saying that at this time the jury were only to find the facts, on the plea of not guilty', the questions as to the extension of the statute or the sufficiency of the court, would come before them more properly on a motion to arrest the judgment, in case the prisoners should be convicted.
Kinsey C. J.
charged the jury (after stating the nature of the accusation, and what was the peculiar province of the jury in this case.)
In order to find the defendants or either of them guilty upon the first count, it is necessary you should be satisfied of these facts.' — 1st That there was an actual lying in wait. 2d That the defendants actually cpt or slit the nose of the *457 prosecutor with the intention to maim or disfigure him. 3d That the act was done maliciously.
The proof of these circumstances must from their very nature he drawn from the actions of the party. The intentions and views with which a man enters upon the perpetration of a criminal act, are not generally expressed in language. If you, however, upon deliberately weighing the testimony whichiyou have heard, shall be of opinion, that' the defendants watched an opportunity and actually carried their intention into execution by cutting off the nose of Wilds, it is in point of law maliciously done. Deliberation and cruelty evince a mind regardless of social duty, and are full proof of malice; and under these circumstances they may be said to lie in wait for the purpose.
Some observations have been made upon the manner in which the nose has been taken off. Upon this part of. the case I must remark that the substance of the crime charged upon the defendants, is the wilful and deliberately cutting off the nose, and whether this is effected by one instrument or another is perfectly immaterial, (a) I think I may go further and say, if the party deliberately and with the intention of biting off the nose of another, watches his opportunity and effects his purpose, the nose may be said to be cut off, and the jury would be bound to find so. It is not necessary to prove it to have been done with a knife as laid in the indictment.
Another thing is important to be stated. If both were present, and one only committed the crime by cutting off the nose, and the other was aiding and abetting, both are equally guilty; both may be said to have done the act, and both are answerable for it as principals. In this case Apollo Mairs is charged as the principal and David as accessary, yet if you find that David was the principal and Apollo the accessary, the indictment is sustained.
The jury found a verdict of not guilty upon the first count, and guilty upon the second; and the court fined David (the *458 father) one thousand dollars, and Apollo (the son) five hundred, and bound each of them to their good behaviour with sureties for three years.

 Note. — “ The indictment must declare how and with, what it was done, viz. with a certain sword, &c. Yet if the party were killed with another weapon, it maintains the indictment, Crown Circ. 104. see. 52, 3.